# In the United States Court of Federal Claims

No.  11-377C
(Filed:  October 27, 2011)

|  |  |
|---|---|
| RALPH J. LAMSON, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| THE UNITED STATES, | ) |
|  | ) |
| Defendant. | ) |
|  | ) |
|  | ) |

*Bruce E. Burdick*, Alton, IL, for plaintiff.

*Gary L. Hausken,* United States Department of Justice, Washington, DC, with whom were *Tony W*est, *Assistant Attorney General*, and Director *John Fargo*, for defendant.

**ORDER DISMISSING COUNT 2 OF PLAINTIFF'S COMPLAINT**

**FIRESTONE**, *Judge*.

On June 10, 2011, Mr. Ralph J. Lamson ("plaintiff") filed a complaint alleging

infringement by defendant United States ("the government") of United States Patent

Number 6,425,764 ("'764 patent"), issued to plaintiff in 2002 and entitled "Virtual

Reality Immersion Therapy for Treating Psychological, Psychiatric, Medical, Educational

and Self-Help Problems."  Compl. ¶¶ 1, 4.2.  Count 1 of the complaint asserts a claim

under 28 U.S.C. § 1498(a) (2006)[1] based on the alleged unauthorized use of plaintiff's

patented invention by the government directly and through procurement contracts.

Compl. ¶ 5.  In Count 2 of the complaint—which is at issue in this order—plaintiff

alleges that the government, through grant funding, "took" the '764 patent in violation of

the Fifth Amendment.  Compl. ¶ 6.

　　The government has moved to dismiss Count 2 of the complaint pursuant to Rules

12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims

("RCFC") on the ground that plaintiff's takings claim is barred by the Supreme Court's

holding in Schillinger v. United States, 155 U.S. 163 (1894), as confirmed by the Federal

Circuit in Zoltek Corp. v. United States, 442 F.3d 1345 (Fed. Cir. 2006) (per curiam).

Def.'s Mot. to Dismiss ("Def.'s Mot.") at 1.  The government further asserts that plaintiff

has failed to allege sufficient facts to support his takings claim.  Id.  In response, plaintiff

argues that Schillinger and Zoltek are factually distinguishable from the instant case and

have been implicitly overruled by the Supreme Court's holdings in Florida Prepaid

Postsecondary Education Expense Board v. College Savings Bank, 527 U.S. 627 (1999),

and Board of Trustees of the Leland Stanford Junior University v. Roche Molecular

Systems, Inc., 131 S. Ct. 2188 (2011).  Pl.'s Resp. to Def.'s Mot. ("Pl.'s Resp.") at 5-16.

---

[1] 28 U.S.C. § 1498(a) reads in relevant part: "Whenever an invention described in and covered
by a patent of the United States is used or manufactured by or for the United States without
license of the owner thereof or lawful right to use or manufacture the same, the owner's remedy
shall be by action against the United States in the United States Court of Federal Claims for the
recovery of his reasonable and entire compensation for such use and manufacture."

Plaintiff also asserts that he has adequately alleged a physical and regulatory taking under

the Fifth Amendment.  Pl.'s Resp. at 16-21.

For the reasons that follow, the court holds that it lacks jurisdiction over plaintiff's

Fifth Amendment takings claim for patent infringement under the Tucker Act.

Accordingly, the government's motion to dismiss Count 2 of plaintiff's complaint is

**GRANTED**.

## I.    BACKGROUND

The following facts are taken from the allegations set forth in the complaint.  On

July 30, 2002, the United States Patent and Trademark Office issued the '764 patent to

plaintiff.  Compl. ¶ 4.2.  The '764 patent lays claim to certain virtual reality immersion

therapy ("VRIT")[2]  methods for treating psychological, psychiatric, and medical

conditions.  Id. ¶¶ 4.3-4.4.  Plaintiff alleges that at least as early as 2004, the United

States Department of Defense ("DOD"), Department of Veterans Affairs ("VA"), and

Department of Health and Human Services ("HHS") have used, directly and through

procurement and grant contracts, the VRIT methods described in the '764 patent without

authorization by plaintiff, most prominently for treating post-traumatic stress disorder.

Id. ¶¶ 4.5, 5, 6.

In December 2008, plaintiff contacted the United States Naval Medical Research

Center, attempting to initiate licensing and patent acquisition negotiations with the

---

[2]  As the complaint explains, VRIT provides a method for treating psychological, psychiatric, or
medical conditions by exposing patients to an interactive virtual reality environment and
providing feedback sensors that allow a clinician to monitor a patient's biological responses to
the virtual reality environment.  See Compl. ¶¶ 4.2-4.4.

government for the '764 patent.  Id. ¶ 4.7.  After receiving a negative response from the

Naval Medical Research Center and then unsuccessfully seeking an unofficial resolution

of the matter with DOD, plaintiff filed an Administrative Claim of Patent Infringement

against DOD on October 29, 2010.  Id. ¶¶ 4.7.2, 4.9-4.11.  While this administrative

claim was pending, plaintiff came to believe that VA and HHS were also, directly or

through grant or procurement contracts, using the methods covered by the '764 patent.

Id. ¶¶ 4.12, 4.13.  Plaintiff then filed two additional Administrative Claims of Patent

Infringement against VA and HHS.  Id.  On March 31, 2011, the Office of Naval

Research denied plaintiff's administrative claim of infringement against DOD.  Id. ¶ 4.16.

In the letter denying the claim, the Office of Naval Research distinguished plaintiff's

grant contract claims from his procurement contract claims, noting that for the grant

contracts, DOD could raise the argument that it did not authorize and consent to the use

of plaintiff's patent.  See Compl. at 111, Ex. PX20110331; see also note 3, infra

(discussing plaintiff's reasons for separating infringement based on procurement

contracts in Count 1 of the complaint from infringement based on grant contracts in

Count 2).  Plaintiff subsequently filed this suit on June 10, 2011.

## II.     STANDARDS OF REVIEW

### A.     Subject Matter Jurisdiction

Whether the court possesses jurisdiction to decide the merits of a case is a

threshold matter.  See PODS, Inc. v. Porta Stor, Inc., 484 F.3d 1359, 1365 (Fed. Cir.

2007) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998)).

Because jurisdiction is a threshold matter, a case can proceed no further if a court lacks

jurisdiction to hear it.  See Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) ("[W]hen

a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss

the complaint in its entirety." (citation omitted)).  The plaintiff bears the burden of

establishing subject matter jurisdiction and must do so by a preponderance of the

evidence.  M. Maropakis Carpentry, Inc. v. United States, 609 F.3d 1323, 1327 (Fed.

Cir. 2010) (citing Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed.

Cir. 1988)).

        When a party has moved to dismiss for lack of subject matter jurisdiction, the

alleged facts in the complaint are viewed as true.  Pixton v. B & B Plastics, Inc., 291 F.3d

1324, 1326 (Fed. Cir. 2002) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

Additionally, in considering a motion to dismiss for lack of subject matter jurisdiction, a

court may look beyond the pleadings and "inquire into jurisdictional facts" to determine

whether jurisdiction exists.  Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir.

1991).

### B.    Failure to State a Claim Upon Which Relief May Be Granted

        To avoid dismissal for failure to state a claim upon which relief may be granted

under RCFC 12(b)(6), the complaint must contain facts sufficient to "'state a claim to

relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)

(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To determine whether

a complaint states a plausible claim for relief, a court must engage in a context-specific

analysis and "draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at

1950.  In considering a motion under RCFC 12(b)(6), "the court must accept as true the

complaint's undisputed factual allegations and should construe them in a light most

favorable to the plaintiff." Cambridge v. United States, 558 F.3d 1331, 1335 (Fed. Cir.

2009) (citing Papasan v. Allain, 478 U.S. 265, 283 (1986); Gould, Inc. v. United States,

935 F.2d 1271, 1274 (Fed. Cir. 1991)).

## III.    DISCUSSION

The ability of the Court of Federal Claims to entertain suits against the United

States is limited.  Massie v. United States, 226 F.3d 1318, 1321 (Fed. Cir. 2000) ("[T]he

Court of Federal Claims, like all inferior federal courts, is a court of jurisdiction limited

by what Congress allows."); see also United States v. King, 395 U.S. 1, 3 (1969).  The

Court of Federal Claims' jurisdiction "depends wholly upon the extent to which the

United States has waived its sovereign immunity to suit." King, 395 U.S. at 4; United

States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003) ("Jurisdiction over

any suit against the government requires a clear statement from the United States waiving

sovereign immunity together with a claim falling within the terms of the waiver."

(citations omitted)).   A waiver of sovereign immunity cannot be inferred but must be

"unequivocally expressed." Lebeau v. United States, 474 F.3d 1334, 1340 (Fed. Cir.

2007) (quoting White Mountain Apache Tribe, 537 U.S. at 472).  One such express

waiver, 28 U.S.C. § 1498, provides the Court of Federal Claims with exclusive

jurisdiction to hear patent infringement claims against the government for use of a

patented invention "by or for the United States."  28 U.S.C. § 1498(a); Hornback v.

United States, 601 F.3d 1382, 1386 (Fed. Cir. 2010) (citing Crater Corp. v. Lucent

Techs., Inc., 255 F.3d 1361, 1364 (Fed. Cir. 2001)).

In addition, the Tucker Act provides jurisdiction to the Court of Federal Claims for "any claim against the United States founded . . . upon the Constitution . . . in cases not sounding in tort."  28 U.S.C. § 1491(a) (2006).  This jurisdictional grant includes non-frivolous Fifth Amendment takings claims against the United States.  Moden v. United States, 404 F.3d 1335, 1341 (Fed. Cir. 2005); Preseault v. Interstate Commerce Comm'n, 494 U.S. 1, 11-12 (1990).  Only an "unambiguous congressional intent to displace the Tucker Act's waiver of sovereign immunity" will preclude a Tucker Act remedy.  Acceptance Ins. Cos. Inc. v. United States, 503 F.3d 1328, 1336 (Fed. Cir. 2007) (citing Preseault, 494 U.S. at 12); see also Lion Raisins, Inc. v. United States, 416 F.3d 1356, 1362 (Fed. Cir. 2005) ("If a claim falls within the terms of the Tucker Act, the United States has presumptively consented to suit.").

A.  **Supreme Court and Federal Circuit Precedent Clearly Establish That the Court of Federal Claims Does Not Have Jurisdiction to Entertain a Claim of Patent Infringement as a Fifth Amendment Taking Under the Tucker Act**

Plaintiff's Count 2 asserts a Fifth Amendment takings claim in connection with the alleged use of plaintiff's patent by federal "grantees."  Compl. ¶ 6.  The government argues that the Federal Circuit's decision in Zoltek Corp. v. United States, 442 F.3d 1345, 1353 (Fed. Cir. 2006) (per curiam), precludes plaintiff's Count 2 claims.  The court agrees.

Relying on the Supreme Court's decision in Schillinger v. United States, the Federal Circuit in Zoltek broadly held that an alleged patent infringement by the United States government cannot give rise to a Fifth Amendment claim under the Tucker Act.

7

442 F.3d at 1350 (citing Schillinger, 155 U.S. 163, 169 (1894)).   The Federal Circuit

reasoned that to allow a takings claim against the government for patent infringement

would render redundant the sovereign immunity waiver of 28 U.S.C. § 1498.  Zoltek, 442

F.3d at 1350 ("Had Congress intended to clarify the dimensions of the patent rights as

property interests under the Fifth Amendment, there would have been no need for [§

1498's] new and limited sovereign immunity waiver.").  The Federal Circuit explained

that Congress's intent that "the 'taking' of a license to use a patent creates a cause of

action under § 1498," not the Fifth Amendment, therefore precludes a Tucker Act

remedy.  Id.  Accordingly, under Zoltek, Count 2 of plaintiff's complaint—alleging an

unconstitutional taking under the Fifth Amendment for patent infringement—should be

dismissed for lack of subject matter jurisdiction.

Plaintiff contends that dismissal is not proper because Zoltek and Schillinger are

factually distinguishable from the claims in Count 2.  Plaintiff also argues that these cases

have been implicitly overruled by the Supreme Court's holdings in Florida Prepaid

Postsecondary Education Expense Board v. College Savings Bank, 527 U.S. 627 (1999),

and Board of Trustees of the Leland Stanford Junior University v. Roche Molecular

Systems, Inc., 131 S. Ct. 2188 (2011).  Each argument will be addressed in turn.

First, to distinguish Zoltek and Schillinger, plaintiff argues that both of those cases

involve patent infringement claims based on procurement contracts, whereas plaintiff's

Count 2 deals only with grant contracts.[3]  See Pl.'s Resp. at 7.

---

[3] Plaintiff distinguishes his Count 2 infringement claims arising from federal grant contracts
from his Count 1 claims arising from federal procurement contracts based on the belief that the

Schillinger arose out of an 1875 procurement contract with the architect of the

capitol for the laying of concrete pavement on the United States Capitol grounds.

Schillinger, 155 U.S. 163, 164 (1894).  Schillinger alleged that during the performance of

the contract, the contractor used, without permission, Schillinger's patented method for

laying concrete pavement.  Id.  The Schillinger Court concluded that Schillinger's patent

infringement claim clearly "sound[ed] in tort" and therefore fell outside of the Tucker

Act's grant of jurisdiction.  Id. at 168-69.  Zoltek involved a patent infringement claim

based on a procurement contract between the United States and Lockheed Martin

Corporation.  Zoltek, 442 F.3d at 1347.  Zoltek Corporation alleged the unauthorized

overseas use of its patent for certain carbon fiber sheet manufacturing methods.  Id. at

1347-48.  Zoltek Corporation based its claim on the Fifth Amendment Takings Clause

because of limitations in § 1498 that precluded bringing suit where not all steps of the

patented process were performed in the United States.  Id. at 1350.  The Federal Circuit

relied on the holding of Schillinger to conclude that Zoltek Corporation could not bring a

---

government might be able to escape § 1498 liability for grants because federal grant contracts lack an "authorization and consent" clause found in federal procurement contracts.  See Pl.'s Resp. at 7; FAR 2.101 (2011) (excluding grants and cooperative agreements from the definition of contracts under the Federal Acquisition Regulations System).  An "authorization and consent" clause makes suit against the United States, rather than the contractor, a patent owner's remedy.  See FAR 27.201-1(b) ("The Government may expressly authorize and consent to a contractor's use or manufacture of inventions covered by U.S. patents by inserting the clause at 52.227-1, Authorization and Consent.").

However, the government acknowledged at oral argument that plaintiff could establish jurisdiction over his grant contract infringement claims under § 1498, recognizing that authorization and consent by the United States to use a patent may be implied, without an express "authorization and consent" clause.  See Advanced Software Design Corp. v. Fed. Reserve Bank of St. Louis, 583 F.3d 1371, 1377 (Fed. Cir. 2009).

Fifth Amendment takings claim for patent infringement under the Tucker Act. Id. at

1350, 1353. As noted, the Circuit concluded that § 1498 provides the exclusive remedy

for claims of patent infringement against the United States. Id. ("In Crozier and Cramp,

the Supreme Court therefore acknowledged Congressional recognition that the Court of

Claims lack[s] Tucker Act jurisdiction over [patent] infringement under a takings

theory.") (citing Crozier v. Fried. Krupp Aktiengesellschaft, 224 U.S. 290 (1912), and

William Cramp & Sons Ship and Engine Bldg. Co. v. Int'l Curtis Marine Turbine Co.,

246 U.S. 28 (1918)).

Plaintiff asserts that unlike the procurement contracts of Zoltek and Schillinger,

Count 2 alleges patent infringement based on grant contracts, in which "the Government,

not the contractors, made the decision" that plaintiff's patented invention would be used.

Pl.'s Resp. at 9. Plaintiff argues that because the grant contracts at issue "authorize" the

use of VRIT "since they are for the commercialization of VRIT," Pl.'s Resp. at 23—as

opposed to the procurement contract in Schillinger where the "Government professed

indifference to whether the invention was used," id.—his takings claim should be able to

proceed. Plaintiff further distinguishes Zoltek as involving "foreign manufacture,"

therefore rendering its precedent "not applicable" to his case. Id. at 16.

However, a careful examination of the complaint reveals that Count 2 alleges an

"infringement of the '764 patent" by the government. Compl. ¶¶ 6.8-6.12. As such,

plaintiff's takings claim, regardless of his characterization of the government's

infringement as a grant contract, falls squarely within the purview of 28 U.S.C. §

1498(a). Under Zoltek, § 1498 provides the exclusive remedy against the United States

for the government's use of a patented invention "without license of the owner . . . or

lawful right."  § 1498(a).  Consequently, plaintiff's Fifth Amendment claims are not

meaningfully distinguishable from the broad holdings of either Schillinger or Zoltek.

Therefore, despite some factual differences, Count 2 of the complaint remains barred.

      **B.**       **The Supreme Court Has Not "Silently Overruled" Schillinger and
Zoltek with Later, Non-Controlling Opinions**

Finally, plaintiff's contention that Schillinger and Zoltek have been "silently

overruled" by the Supreme Court's holdings in Florida Prepaid Postsecondary Education

Expense Board v. College Savings Bank, 527 U.S. 627 (1999), and Board of Trustees of

the Leland Stanford Junior University v. Roche Molecular Systems, Inc., 131 S. Ct. 2188

(2011),  Pl.'s Resp. at 12, must be rejected.  Plaintiff argues that passages in Florida

Prepaid and Roche establish that patents are property under the Constitution.  Id. at 5, 12;

Florida Prepaid, 527 U.S. at 642 ("'A patent for an invention is as much property as a

patent for land.'" (quoting Consolidated Fruit-Jar Co. v. Wright, 94 U.S. 92, 96 (1876)));

Roche, 131 S. Ct. at 2195 ("Our precedents confirm the general rule that rights in an

invention belong to the inventor." (citations omitted)).  Plaintiff concludes that this

characterization of patents as property revitalizes his takings claim.  Pl.'s Resp. at 12-16.

However, this same argument—that the Fifth Amendment mandates the payment of just

compensation for patent infringement by the government—was expressly rejected by the

Federal Circuit in Zoltek:  "[P]roperty interests . . . are not created by the Constitution.

Rather, they are created and their dimensions are defined by existing rules or

understandings that stem from an independent source such as state law. . . . Here, patent

11

rights are a creature of federal law." Zoltek, 442 F.3d 1345, 1352 (Fed. Cir. 2006). And,

as Zoltek makes clear, 28 U.S.C. § 1498 provides the exclusive remedy for governmental

infringement of federally-created patent rights. See id. at 1353. In short, the Federal

Circuit has expressly rejected the notion that infringement may be characterized as a

taking of a patent, and instead maintains that infringement is a tort. See id. at 1350, 1351

(rejecting the argument that "a patentee could sue the government for patent infringement

as a Fifth Amendment taking under the Tucker Act," and finding instead that enactment

of § 1498 "provid[es] jurisdiction over the tort of patent infringement"). It is for this

reason that plaintiff's reliance on Roche and Florida Prepaid is misplaced.

Moreover, neither Roche nor Florida Prepaid addresses the scope of the sovereign

immunity waiver granted by the government in cases of patent infringement by the

United States. In Roche, the Court considered the effect of the Bayh-Dole Act on the

question of where title to a patent vests in inventions funded by federal grants. Roche,

131 S. Ct. at 2196. The Court held that, absent an agreement that provides otherwise, the

title to a patent of an invention lies with the inventor, not the inventor's employer, even if

the invention was created with the assistance of federal funding. Id. at 2196-97. In

Florida Prepaid, the Court considered the constitutionality of the Patent and Plant Variety

Protection Remedy Clarification Act ("Patent Remedy Act") under the Due Process

Clause of the Fourteenth Amendment.[4]  Florida Prepaid, 527 U.S. at 630. The Patent

---

[4] While characterizing the Due Process Clause as "a Fifth Amendment neighbor," the Supreme
Court has held that the "application of the Due Process Clause [does not] automatically trigger
the Takings Clause, just because the word 'property' appears in both. That word appears in the

Remedy Act expressly allowed patent holders to sue a State for patent infringement in

federal district court.  Id.  The Court held that the Patent Remedy Act unconstitutionally

abrogated the States' sovereign immunity through an invalid exercise of Congress's

Fourteenth Amendment enforcement power.[5]  Id. at 647.  Neither decision mentions

Schillinger or Zoltek, nor do the decisions examine whether a patent infringement claim

against the government can be evaluated as a Fifth Amendment takings claim under the

Tucker Act.

In any event, even if Zoltek and Schillinger have been implicitly overturned, the

Supreme Court has made clear that lower courts should not "conclude that [the Supreme

Court's] more recent cases have, by implication, overruled an earlier precedent."

Agostini v. Felton, 521 U.S. 203, 237 (1997).  This court must follow binding precedents

until expressly overruled.  See Rodriguez de Quijas v. Shearson/Am. Express, Inc., 490

U.S. 477, 484 (1989) ("If a precedent of this Court has direct application in a case, yet

appears to rest on reasons rejected in some other line of decisions, the Court of Appeals

should follow the case which directly controls, leaving to this Court the prerogative of

overruling its own decisions."); Coltec Indus., Inc. v. United States, 454 F.3d 1340, 1353

---

midst of different phrases with somewhat different objectives, thereby permitting differences in
the way in which the term is interpreted."  Eastern Enters. v. Apfel, 524 U.S. 498, 557 (1998).

[5] In Florida Prepaid, the Supreme Court expressly precluded consideration of the Fifth
Amendment Just Compensation Clause from its analysis, and instead considered the Patent
Remedy Act's constitutionality under the Fourteenth Amendment Due Process Clause.  527 U.S.
at 642 n.7 ("Since Congress was so explicit about invoking its authority under Article I and its
authority to prevent a State from depriving a person of property without due process of law under
the Fourteenth Amendment, we think this omission precludes consideration of the Just
Compensation Clause as a basis for the Patent Remedy Act.").

(Fed. Cir. 2006) (noting that the Court of Federal Claims is required to follow the

precedent of the Supreme Court, the Federal Circuit, and the Court of Claims).  Here,

both Zoltek and Schillinger are controlling.  Regardless of whether plaintiff believes they

are "bad law," Pl.'s Resp. at 12, they nonetheless bind the court and jurisdictionally bar

plaintiff's takings claim.[6]  See Martin v. United States, No. 11-158C, 2011 WL 3584315,

at *5 (Fed. Cl. Aug. 15, 2011) (dismissing for lack of subject matter jurisdiction a patent

infringement claim constructed as a Fifth Amendment taking under the Tucker Act); Gal-

Or v. United States, 97 Fed. Cl. 476, 480 (2011) (same).

---

[6] Because of the clear holding of Zoltek, the government argues that plaintiff's Count 2 should
be dismissed as frivolous.  Def.'s Mot. at 7-8; Def.'s Reply at 8.  Ordinarily, frivolous claims are
dismissed for failure to state a claim upon which relief can be granted under RCFC 12(b)(6).  See
Lewis v. United States, 70 F.3d 597, 602-03 (Fed. Cir. 1995).  However, frivolous claims may
also be dismissed under RCFC 12(b)(1) on jurisdictional grounds so long as "jurisdictional
dismissals for frivolousness [are] 'confin[ed]' to cases 'that are very plain.'"  Id. at 603-04
(quoting Hart v. B.F. Keith Vaudeville Exch., 262 U.S. 271, 274 (1923)).  The Supreme Court
has held that "[d]ismissal for lack of subject-matter jurisdiction because of the inadequacy of the
federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior
decisions of this Court, or otherwise completely devoid of merit as not to involve a federal
controversy.'"  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (quoting Oneida
Indian Nation of N.Y. v. Cnty. of Oneida, 414 U.S. 661, 666 (1974)); see also Moden v. United
States, 404 F.3d 1335, 1341-42 (Fed. Cir. 2005); Spencer v. United States, 98 Fed. Cl. 349, 356
(2011) (dismissing under RCFC 12(b)(1) claims "foreclosed by prior decisions" and therefore
"frivolous" and "outside the jurisdiction of the Court of Federal Claims").

Here, plaintiff's Count 2 is clearly foreclosed by the Supreme Court's decision in Schillinger as
affirmed by the Federal Circuit's decision in Zoltek.  See Zoltek, 442 F.3d at 1351 ("[T]he Court
of Claims lack[s] Tucker Act jurisdiction over [patent] infringement under a takings theory."
(citing Crozier v. Fried. Krupp Aktiengesellschaft, 224 U.S. 290 (1912), and William Cramp &
Sons Ship and Engine Bldg. Co. v. Int'l Curtis Marine Turbine Co., 246 U.S. 28 (1918)).
Therefore, the court dismisses plaintiff's Count 2 for lack of subject matter jurisdiction under
RCFC 12(b)(1).  Furthermore, because the court dismisses plaintiff's Count 2 on jurisdictional
grounds, and the only alleged grounds for the "taking" of property in the complaint is the alleged
"infringement" by the United States of the '764 patent in connection with federal grants, the
court does not reach the parties' arguments under RCFC 12(b)(6) regarding whether plaintiff has
adequately alleged a physical or regulatory taking of the patent.

## IV.   CONCLUSION

For the above-stated reasons, the government's motion to dismiss Count 2 for lack of subject matter jurisdiction under RCFC 12(b)(1) is **GRANTED**.  The defendant shall file its Answer to the remaining claims in plaintiff's complaint by **November 28, 2011**.

**IT IS SO ORDERED.**

s/Nancy B. Firestone_____
NANCY B. FIRESTONE
Judge